IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERRIE S. THOMPSON and RICHARD MARTINEZ, TRUSTEE, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF SACRAMENTO ANIMAL CONTROL; DAVE DICKENSON; LIBBY SIMMONS; AND REUBEN HERNANDEZ, in their individual and official capacities <br><br> Defendants. | CIVIL NO. 11-00378 JMS/RLP <br><br> ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER |

## ORDER (1) GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES; (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND (3) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

On June 15, 2011, Plaintiffs Sherri S. Thompson and Richard Martinez ("Plaintiffs") filed this action. Although not clear, it appears that Plaintiffs are seeking return of their service animal from Defendants County of Sacramento Animal Control, Dave Dickenson, Libby Simmons, and Reuben Hernandez (collectively "Defendants"), and/or an Order preventing Defendants from euthanizing or allowing the animal to be adopted.

Also on June 15, 2011, Plaintiffs filed an Application to Proceed

Without Prepayment of Fees and Affidavit ("Application"), and a Motion for Temporary Restraining Order ("Motion for TRO"). Based on the following, the court (1) GRANTS Plaintiffs' Application; (2) DISMISSES the Complaint with leave to amend; and (3) DENIES Plaintiffs' Motion for TRO without prejudice.

## ANALYSIS

**A.     Plaintiffs' Application**

Plaintiffs' Application indicates that they are not currently employed, are not receiving any sources of income, and have no property. Because Plaintiffs have made the required showing under 28 U.S.C. § 1915 to proceed *in forma pauperis* (*i.e.*, without prepayment of fees), the court GRANTS Plaintiffs' Application.

**B.     Plaintiffs' Complaint**

Based on the following, the court finds that Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

   *1.     Framework*

Because Plaintiffs are proceeding *pro se*, the court liberally construes their pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations

contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.

        A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what

wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted).

### 2. *Application*

The Complaint appears directed to protecting and/or returning to Plaintiffs a service animal in control and/or possession of Defendants. In support of this relief, the Complaint mentions 42 U.S.C. § 1983, grand larceny, unconscionability, unfair trade practices, and 42 U.S.C. § 1988. Completely

5

missing from the Complaint, however, are any factual allegations against any particular Defendant explaining what Defendants did to Plaintiffs that affords Plaintiffs relief. Indeed, the Complaint is so vague and conclusory that, construing the allegations in the light most favorable to the *pro se* Plaintiffs, *see Eldridge*, 832 F.2d at 1137, the court is unable to discern what Plaintiffs' claims might be, or whether any relief is possible under federal law. The Complaint therefore fails to provide sufficient notice to Defendants as to any alleged wrongdoing, and certainly fails to provide a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). *See, e.g.*, *Hearns*, 530 F.3d at 1131; *McHenry*, 84 F.3d at 1180.

The court therefore DISMISSES the Complaint for failure to comply with Rules 8 and 12(b)(6). This dismissal is with leave to amend. Plaintiffs may file an Amended Complaint that (1) complies with Rule 8's requirement of "simple, concise, and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

If Plaintiffs choose to file an Amended Complaint:

(1) Plaintiffs must clearly state how each Defendant has injured them. In other words, Plaintiffs should explain, in clear and concise allegations, what each Defendant did and how those

specific facts create a plausible claim for relief.

(2) Plaintiffs must clearly state the relief sought and how there is basis for a claim in federal court. In other words, Plaintiffs must explain the basis of this court's jurisdiction.

(3) Plaintiffs must include all relevant facts that support their claim(s) in the Amended Complaint.

Plaintiffs are further notified that an Amended Complaint supersedes all previously-filed complaints. *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the court will treat the original Complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint is waived if it is not raised in the Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## C. Plaintiffs' Motion for TRO

Due to the court's dismissal of the Complaint for failure to state a claim, Plaintiffs' Motion for TRO fails; the court cannot grant injunctive relief where Plaintiffs have failed to state a cognizable claim.

The court nonetheless explains several additional deficiencies in Plaintiffs' Motion for TRO in the event that they file an Amended Complaint and

7

again seek injunctive relief.

First, a court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs have not complied with either of these requirements. As to the first requirement, although Plaintiffs submitted a verified Complaint, the Complaint (as described above) did not provide any specific *facts* establishing that "immediate and irreparable injury, loss, or damage will result" to Plaintiffs. As to the second requirement, Plaintiffs have not certified in writing any efforts made to put Defendants on notice of the Motion, nor have they offered any reason as to why notice should not be required.

Second, Plaintiffs' Motion for TRO fails to establish why Plaintiffs are entitled to relief. "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *see*

*also Burgess v. Forbes*, 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009); *Magnuson v. Akhter*, 2009 WL 185577, at *1 (D. Ariz. Jan. 27, 2009). In *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, __, 129 S. Ct. 365, 374 (2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." So long as all four parts of the *Winter* test are applied, "a preliminary injunction [may] issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'" *Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir. 2003)).

Except for its title, Plaintiffs' Motion for TRO is the same as the Complaint. Thus, the Motion for TRO fails to explain why Plaintiffs are likely to succeed on the merits, why they will likely suffer irreparable harm in the absence of preliminary relief, why the balance of equities tips in their favor, and why an injunction is in the public interest. Plaintiffs have therefore failed to carry their burden on their Motion for TRO.

For these reasons, the court DENIES Plaintiffs' Motion for TRO. The

dismissal of Plaintiffs' Motion for TRO is without prejudice -- Plaintiffs may attempt to remedy the deficiencies outlined above and file a new motion for temporary restraining order after they have filed an Amended Complaint.

## **CONCLUSION**

Based on the above, the court (1) GRANTS Plaintiffs' Application; (2) DISMISSES the Complaint with leave to Amend; and (3) DENIES Plaintiffs' Motion for TRO without prejudice.  Plaintiffs are allowed until July 15, 2011 to file an Amended Complaint.  Otherwise, this action will automatically be dismissed without prejudice and the matter will be closed.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, June 16, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Thompson et al. v. Cnty. of Sacramento Animal Control et al.*, Civ. No. 11-00378 JMS/RLP; Order (1) Granting Application to Proceed Without Prepayment of Fees; (2) Dismissing Complaint with Leave to Amend; and (3) Denying Motion for Temporary Restraining Order