IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| SHERRIE S. THOMPSON and RICHARD MARTINEZ, TRUSTEE, | ) CIVIL NO. 11-00378 JMS/RLP ) |
| Plaintiffs, | ) ORDER (1) DISMISSING ) AMENDED COMPLAINT WITH ) LEAVE TO AMEND; AND |
| vs. | ) (2) DENYING MOTION FOR ) TEMPORARY RESTRAINING |
| PEGGY PORTER DBA UNIVERSITY REPORTERS; COUNTY OF SACRAMENTO ANIMAL CONTROL; DAVE DICKENSON; LIBBY SIMMONS; and REUBEN HERNANDEZ, in their individual and official capacities, | ) ORDER ) ) ) ) ) ) |
| Defendants. | ) ) ) |
| _____ | ) |

## ORDER (1) DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND; AND (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

## I. INTRODUCTION

On June 15, 2011, pro se Plaintiffs Sherri S. Thompson and Richard

Martinez ("Plaintiffs") filed this action seeking to prevent the County of

Sacramento Animal Control from euthanizing their service dog or allowing it to be

adopted. Although not entirely clear, it appears that Peggy Porter agreed to take

care of the dog while Plaintiffs moved to Hawaii, but the dog was subsequently

turned over to the County of Sacramento Animal Control.

On June 16, 2011, the court granted Plaintiffs' Application to Proceed Without Prepayment of Fees and Affidavit, dismissed the Complaint with leave to amend, and denied Plaintiffs' Motion for Temporary Restraining Order ("Motion for TRO"). On July 15, 2011, Plaintiffs filed a First Amended Complaint ("FAC") and another Motion for TRO. Based on the following, the court (1)DISMISSES the FAC with leave to amend, and (2) DENIES Plaintiffs' Motion for TRO without prejudice.

## II. ANALYSIS

### A. Plaintiffs' Complaint

Based on the following, the court finds that the FAC fails to state a claim upon which relief can be granted.

#### 1. Framework

Plaintiffs are proceeding *pro se* and the court therefore liberally construes their pleadings. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants." (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam))). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice

of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

The court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to mandatory screening, and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

The court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) if it fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S. Ct. 1937, 1949 (2009) (citations and quotations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008). This tenet -- that the court must accept as true all of the allegations contained in the complaint -- "is inapplicable to legal conclusions." *Iqbal*, 129 S. Ct. at 1949. Accordingly,

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). Factual allegations that only permit the court to infer "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Rule 8. *Id.* at 1950.

A complaint must also meet the requirements of Federal Rule of Civil Procedure 8, mandating that a complaint include a "short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). A complaint that is so confusing that its "true substance, if any, is well disguised" may be dismissed *sua sponte* for failure to satisfy Rule 8. *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969)); *see also McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir. 1996) ("Something labeled a complaint but written . . ., prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint.").

Put differently, a district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide defendants with fair notice of the wrongs they have allegedly committed. *See McHenry*, 84 F.3d at 1178-80 (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling"). Rule 8 requires more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 129 S. Ct. at 1949 (citations and quotations omitted).

## 2. *Application*

The FAC appears to assert that Plaintiffs had an oral agreement with Peggy Porter to foster Plaintiffs' service dog until they could comply with Hawaii animal laws, and that the dog is now at the County of Sacramento Animal Control. Plaintiffs seek an declaratory relief in the form of an order requiring Porter to retrieve the dog and/or prevent the Sacramento Animal control from putting the

dog to sleep or allowing it to be adopted by a third party.

As an initial matter, the FAC does not contain sufficient facts to establish the court's jurisdiction. Plaintiffs apparently attempt to invoke diversity jurisdiction -- the FAC does not assert any federal claims against Defendants,[1] and instead specifically asserts that damages, if they were sought, would exceed $75,000. Diversity jurisdiction, however, has two elements -- the amount-in-controversy requirement (over $75,000), and the diversity requirement (that Plaintiff and Defendants are citizens of different States). *See* 28 U.S.C. § 1332(a). Plaintiffs, however, fail to assert the citizenship of any of the Defendants. Without such allegations, the FAC fails to state a basis of federal jurisdiction. *See, e.g.*, *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1189-90 (9th Cir. 1970) (indicating that "[a] plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction" and therefore "the existence of diversity jurisdiction must be sufficient on the face of the complaint") (citation omitted); Fed. R. Civ. P. 8(a)(1) (providing that a complaint "must contain . . . a short and plain statement of the grounds for the court's jurisdiction"); *Kanter v. Warner-Lambert Co.*, 265 F.3d

---

[1] Although the FAC mentions 42 U.S.C. § 1988, it is remedial and does not provide a separate cause of action. The FAC also mentions 42 U.S.C. § 1983, but fails to tie § 1983 to any federal law or constitutional violation.

853, 858 (9th Cir. 2001) ("Since the party asserting diversity jurisdiction bears the burden of proof, [Defendant's] failure to specify Plaintiffs' state citizenship was fatal to Defendants' assertion of diversity jurisdiction [in a notice of removal].") (citation omitted). That is, Plaintiffs have not demonstrated complete diversity of citizenship in the FAC.

Second, even turning to the substance of the FAC, the factual allegations are so sparse that the court can barely infer the basis of Plaintiffs' claims. The only allegations as to *any* Defendant are that Peggy Porter informed Plaintiffs that she knew of two individuals who could foster Plaintiffs' dog, but she apparently left the dog with the County of Sacramento Animal Control. Although the FAC is apparently attempting to assert a breach of contract and/or detrimental reliance claim against Peggy Porter, the FAC does not allege what Peggy Porter agreed to, how she breached that promise, and/or how Plaintiffs relied upon that promise to their detriment. Further, there are no allegations explaining what it is that the County of Sacramento Animal Control, Dave Dickenson, Libby Simmons, and/or Rueben Hernandez did that can form the basis of a claim. In sum, the FAC fails to state a claim upon which relief can be granted.

As a result, the FAC is dismissed for lack of jurisdiction and failure to state a claim. As to whether Plaintiffs should be granted another opportunity to

amend, the court has already explained to Plaintiffs once what they must do to adequately allege a claim against Defendants.  Further, even if Plaintiffs can allege diversity jurisdiction, it appears that Plaintiffs' claims are more appropriately brought before the California courts -- the dog is in California and California law likely applies to Plaintiffs' claims.

With that said, however, the court will allow Plaintiffs one more opportunity, if they choose, to attempt to state a claim against Defendants.  *See Lucas*, 66 F.3d at 248 ("Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.").  Plaintiffs may file a Second Amended Complaint that (1) complies with Rule 8's requirement of "simple, concise, and direct" allegations, and (2) contains a basis for federal subject matter jurisdiction.

If Plaintiffs choose to file a Second Amended Complaint:

(1)     Plaintiffs must clearly establish jurisdiction in this court.  If based on diversity, the Second Amended Complaint must set forth the citizenship of each Plaintiff and each Defendant.

(2)     Plaintiffs must clearly state how each Defendant has injured them.  In other words, Plaintiffs should explain, in clear and

concise allegations, what each Defendant did and how those

specific facts create a plausible claim for relief.

(3)     Plaintiffs must include all relevant facts that support their

claim(s) in the Second Amended Complaint.

Plaintiffs are further notified that a Second Amended Complaint supersedes all previously-filed complaints.  *Ferdik v. Bonzelet*, 963 F.2d 1258 (9th Cir. 1992); *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the court will treat the original Complaint and the FAC as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the original Complaint or FAC is waived if it is not raised in the Second Amended Complaint.  *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

## B.     Plaintiffs' Motion for TRO

Due to the court's dismissal of the FAC for failure to state a claim, Plaintiffs' Motion for TRO fails; the court cannot grant injunctive relief where Plaintiffs have failed to state a cognizable claim.

Like the court did previously, however, the court takes this opportunity to explain several additional deficiencies in Plaintiffs' Motion for TRO in the event that they file a Second Amended Complaint and again seek injunctive relief.

First, a court may issue a TRO without written or oral notice to the adverse party only if the party requesting the relief provides an affidavit or verified complaint providing specific facts that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). In addition, the movant or his attorney must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Plaintiffs have not complied with either of these requirements. As to the first requirement, although Plaintiffs submitted a verified FAC and affidavit, the FAC and affidavit (as described above) did not provide any specific *facts* establishing that "immediate and irreparable injury, loss, or damage will result" to Plaintiffs. As to the second requirement, Plaintiffs have not certified in writing any efforts made to put Defendants on notice of the Motion, nor have they offered any reason as to why notice should not be required.

Second, Plaintiffs' Motion for TRO fails to establish why Plaintiffs are entitled to relief. "The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction." *Brown Jordan Int'l, Inc. v. Mind's Eye Interiors, Inc.*, 236 F. Supp. 2d 1152, 1154 (D. Haw. 2002); *see also Burgess v. Forbes*, 2009 WL 416843, at *2 (N.D. Cal. Feb. 19, 2009);

10

*Magnuson v. Akhter*, 2009 WL 185577, at *1 (D. Ariz. Jan. 27, 2009).  In *Winter v.*

*Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374

(2008), the Supreme Court explained that "[a] plaintiff seeking a preliminary

injunction must establish that he is likely to succeed on the merits, that he is likely

to suffer irreparable harm in the absence of preliminary relief, that the balance of

equities tips in his favor, and that an injunction is in the public interest."  So long

as all four parts of the *Winter* test are applied, "a preliminary injunction [may]

issue where the likelihood of success is such that 'serious questions going to the

merits were raised and the balance of hardships tips sharply in [plaintiff's] favor.'"

*Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011)

(quoting *Clear Channel Outdoor, Inc. v. City of L.A.*, 340 F.3d 810, 813 (9th Cir.

2003)).

   The Motion for TRO fails to explain why Plaintiffs are likely to

succeed on the merits, why they will likely suffer irreparable harm in the absence

of preliminary relief, why the balance of equities tips in their favor, and why an

injunction is in the public interest.  Plaintiffs have therefore failed to carry their

burden on their Motion for TRO.

   For these reasons, the court DENIES Plaintiffs' Motion for TRO.  The

dismissal of Plaintiffs' Motion for TRO is without prejudice -- Plaintiffs may

attempt to remedy the deficiencies outlined above and file a new motion for temporary restraining order after they have filed a Second Amended Complaint.

## III.  <u>CONCLUSION</u>

Based on the above, the court (1) DISMISSES the FAC with leave to Amend; and (2) DENIES Plaintiffs' Motion for TRO without prejudice.  Plaintiffs are allowed until August 15, 2011 to file an Second Amended Complaint. Otherwise, this action will automatically be dismissed without prejudice and the matter will be closed.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, July 20, 2011.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Thompson et al. v. Cnty. of Sacramento Animal Control et al.*, Civ. No. 11-00378 JMS/RLP; Order (1) Dismissing Amended Complaint with Leave to Amend; and (2) Denying Motion for Temporary Restraining Order